## HATCH *v.* PARTRIDGE & *a.*

A testator devised certain real estate to his three sons, Leonard, Alpha and Ira, on condition that Leonard and Alpha should take Ira and carry on his part of the farm and see that he had his support out of it during his natural life. There was no evidence that Leonard and Alpha had ever failed to render such support. *Held,* that they had a right to the possession of Ira's share.

It appeared that Alpha conveyed to Leonard all his share of the land, and that Leonard conveyed a part of it to Stephen Partridge, one of the defendants, who entered and took possession. Subsequently a committee appointed by the judge of probate, set off Ira's share in severalty, and Ira brought an action of trespass *qu. cl.* against the defendants. *Held,* that in the absence of evidence of any neglect on the part of the devisees, the action could not be maintained.

Whether in such case, if the proceedings relating to the partition were all formal, the partition could have the effect of enabling a suit to be maintained in the name of Ira, *quære?*

TRESPASS, for breaking and entering the plaintiff's close,

in Stratford, on the 1st of January, 1837, being one undivided third part of the Noah Hatch farm, and from that time to the first of October, hindering and keeping the plaintiff out of the possession of it, whereby he was during all that time deprived of the use thereof.

Plea, the general issue.

The case was submitted for the opinion of the court upon the following facts :

Both parties claim title under the will of Noah Hatch, which is dated January 16th, 1826, by which he devised to his three sons, Leonard, Alpha and Ira, the Stratford farm, so called, and all his real estate in Stratford except the Aldridge farm, on condition that Leonard should pay to his daughters, or to his creditors, the sum of one hundred and twenty dollars, and that Leonard and Alpha should take Ira and carry on his part of the farm, and should see that Ira had his support out of it during his natural life.

Noah Hatch died seized of this estate, and his will was duly proved on the 5th of April, 1826.

On the 19th of January, 1834, Alpha Hatch conveyed to Leonard all his share of the land, and on the 6th of February, 1837, Leonard Hatch conveyed the Stratford farm to Stephen Partridge, one of the defendants. Under this conveyance Partridge entered upon the land, and has occupied it until the month of July, 1847. At that time a committee was appointed by the judge of probate, to set off the share of Ira in the land, in severalty.

The committee set off a tract of land, as Ira's share, describing it by metes and bounds, estimating the share to be worth the sum of eleven hundred and ninety-three dollars.

So far as George Partridge, the other defendant, has occupied the land, it has been under the title of Stephen.

Shortly before the November term, 1846, of the court of common pleas, Stephen Partridge brought a suit against Leonard Hatch for breach of the covenants of seizin, in fee, of good right to convey, and for quiet enjoyment, contained

in the deed to Stephen, and recovered a verdict and judg-
ment for one third part of the consideration paid, and the
interest.

It was agreed that judgment should be rendered for the
plaintiff, or for the defendants, according to the opinion of
the court, and if the court should be of the opinion that this
action could be maintained, the question of damages to be
submitted to the jury.

*Burns & Fletcher*, for the plaintiff.

The action is trespass *qu. cl. fr.* The case finds that Ste-
phen Partridge brought an action against Leonard Hatch
for a breach of the covenants of his deed to Partridge, and
that Partridge recovered against Hatch one third part of the
purchase money, and interest.

This recovery was on the ground that Ira Hatch, this
plaintiff, was the owner of one third of the premises, as de-
visee under the will of Noah Hatch.

The only question that arises in this case, then, is whether
the plaintiff can sustain the action.

The law goes upon the principle that for every wrong
there is a remedy.

The defendants, by getting possession of the premises
and holding the whole under the deed from Leonard Hatch,
were disseizors as to this plaintiff. *Birch* v. *Wright*, 1 D.
& E. 378; 5 N. H. Rep. 529; *Towle* v. *Ayer*, 8 N. H. Rep.
60.

It was a tortious entry and occupancy as to this plaintiff.
The defendants have occupied the land, and had the use and
profits of the same, and have sued on the covenants of the
deed, and recovered the purchase money, and interest.

In the superior court of the United States the law on this
point is laid down in conformity to the test of Bracton.

" At common law, whoever takes and holds possession of
lands to which another has a better title, whether he be a
*bona fide* or a *mala fide* possessor, is liable to the true owner

for all the rents and profits which he has received." *Green* v. *Biddle*, 8 Wheat. 75–80.

The plaintiff would be remediless except in this form of action. It would be a reproach to the law if it furnished no remedy to recover such mesne profits. The occupancy was not by agreement or contract of the plaintiff, and assumpsit will not lie. *Cavis* v. *Mc Clary*, 5 N. H. Rep. 529 ; 9 Vt. Rep. 34.

Assumpsit will not lie to recover mesne profits. *Walker* v. *Prescott*, 6 N. H. Rep. 98.

On the death of the father, the plaintiff became seized by virtue of the devise. *Winckley* v. *Hill*, 6 N. H. Rep. 391.

By entry of the defendants, under the deed, the plaintiff was disseized.

A deed of conveyance without title, and an actual entry under such deed by the grantee, is a disseizin of the owner. Stearns on Real Actions, 12 ; *Warren v. Child*, 11 Mass. Rep. 225 ; 5 Green. Rep. 182 ; 2 Green. Rep. 275.

So if the deed was made by a person not in possession, if the grantee entered and pretended to claim by the force of it. *Higbee* v. *Rice*, 5 Mass. Rep. 325.

Actual possession, without title, or constructive possession with it, is sufficient to maintain trespass *qu. cl. Chandler* v. *Walker*, 1 Foster's Rep. 287.

Again, it may be said that a disseizee, until he has reëntered, cannot maintain trespass for an act done after the disseizin. Com. Dig. Tres. B. 2 ; B. 3 ; *Taylor* v. *Townsend*, 8 Mass. Rep. 415.

Comyn says : " If a disseizee reënters, he shall afterwards have trespass against the disseizer, with a continuance for the whole time of his possession." Com. Dig. B. 2.

Or against a stranger for a trespass done during the disseizin, for by reëntry he vests the possession in himself *ab initio.* Ib.

But by the law of this State, in order to maintain trespass, an actual entry is not necessary, and an heir, devisee

or lessee, may maintain trespass before entry. *Winckley* v. *Hill*, 6 N. H. Rep. 391.

Where there is a recovery in a writ of entry, it is not necessary to show a writ of seizin executed, nor an entry after judgment. 6 N. H. Rep. 392.

If the plaintiff has been permitted to go into possession by the defendant, without executing a writ of possession, a copy of the judgment and evidence of possession under it will be sufficient. Stearns on Real Actions; *Calvert* v. *Hosford*, 4 Esp. Cases.

It is not necessary that the plaintiff should regain the possession by action against the defendant, to enable him to sustain this action. Judgment in a writ of entry against the defendants would be evidence for the plaintiff, but any other evidence showing that the defendants have yielded to the plaintiff's right is equally so.

In this case, the defendant sued his grantor, and recovered, on the ground that this plaintiff had the title, and that the grantor had none, and therefore conveyed none to the defendants.

The plaintiff's share in the premises was set off and assigned by a committee appointed by the probate court, before the commencement of this suit.

As soon as the plaintiff has regained possession by reentry or action, he can sustain trespass for the whole injury, for the law now supposes him, by a kind of fiction, to have had possession from the commencement of the unlawful disseizure. Stearns, 362.

By the act of regaining possession, the disseizer is changed to a trespasser. *Cox* v. *Callender*, 9 Mass. Rep. 533.

This relates back to the time of the disseizin, so as to give the plaintiff, in contemplation of the law, constructive possession during the time the actual possession was withheld by the defendants.

*Bellows*, for the defendant.

The plaintiff assumes that he is tenant in common of one third of the land.

If it be so, he cannot maintain trespass.

Even if he had been ousted by the defendants, we hold that trespass would not lie, though ejectment will, if he hinders his co-tenant from entering. 1 Chitty Plead. 179; *Cubit* v. *Parker*, 8 B. & C. 257.

But there was no ouster in this case.

It does not appear that the plaintiff attempted to enter, or was excluded by the defendant, or knew that the defendant had any interest in the land until 1846.

And since then there is not the slightest proof of an ouster, or disposition to exclude the plaintiff; on the contrary, as far as there is any evidence, it is rather that the plaintiff allowed the defendant to occupy.

The conveyance by Leonard Hatch to the defendant was no ouster by the defendant, however it might be as to Leonard.

The plaintiff cannot, upon any of the authorities, maintain trespass against the defendant.

His only remedy is by a bill in equity.

By the will, two thirds of the farm is devised to Leonard and Alpha, on condition that they take Ira and carry on his share, and support him during his life. His support, then, is a charge upon the whole farm, and entitles them to the possession of Ira's share.

Their possession, then, was lawful, of the whole, until measures were taken to inforce the performance of the condition, and that could only be by a bill in equity.

So long as the plaintiff saw fit to allow his brothers, or their grantor, to remain in possession under the will, that possession was lawful.

It certainly was lawful, when it commenced, and a mere conveyance could not change its character, and nothing has ever been done to change it.

The mere neglect to furnish support for Ira is of no avail.

Hatch *v.* Partridge.

It has never been demanded. The presumption is that the plaintiff has waived the condition, as he might well do.

At any rate, nothing remains, so far as the past is concerned, but to enforce the performance of the duty, and for that a bill in equity is the appropriate remedy, though assumpsit might, perhaps, lie even against Partridge. *Veasey & a.* v. *Whitehouse,* 10 N. H. Rep. 409, where assumpsit was maintained against the grantor of the devisee.

GILCHRIST, C. J. The petition for partition, which was the foundation of the proceedings in the court of probate, is not given in the case, and therefore we are unable to say what effect, if any, the partition may have upon the title of the parties in interest. We shall therefore confine ourselves to considering what is the proper construction of the will.

By the will, the devisees were made tenants in common. The devise to Leonard and Alpha was on condition that they should take Ira and carry on his share, and see that he had his support out of it during his natural life.

They had, then, the right to the possession of it during his life. They were bound only to furnish him a support. They could not convey his interest, but only their own. Leonard Hatch undertook to convey the fee, to one third of which he had no title, and a recovery was rightfully had against him by Stephen Partridge, for the breach of his covenants.

Having, by the will, an interest in Ira's share during his life, and a right to the possession and profits of it, they could convey that interest, subject to whatever charge upon it was created by the will. They were bound only to support him, and it was a matter indifferent to him, and in no way affecting his interests, where they obtained the funds for that purpose. The will did not require that the specific crops obtained from his share, should be appropriated to his support, for a portion of the produce must probably be sold, in order that he might receive any benefit from it. As long

as he is supported, every object contemplated by the will is attained, and it does not appear that the devisees have ever failed to support him.

The will did not intend that Ira Hatch should be entitled to the possession of any part of the land, so long, at least, as the condition stated in the will is complied with. If he has no cause of complaint against his brothers, it is not a matter in which he has any interest, whether they or the defendants are in possession of the land. If upon another trial the proceedings in relation to the partition should come before us, it can then be determined whether the partition can have the effect of enabling a suit to be brought in his name, so long as there is no neglect on the part of the devisees. As the case now stands, the action cannot be maintained, but, as all the facts are not before us, we shall not render any judgment.

*Case discharged.*